IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,    )
    )
    Plaintiff,    )
    )
    vs.    )    NO. CR 12-CR-3183 RB
    )
CONRAD VASQUEZ SALAZAR,    )
and CLIFFORD RAYMOND SALAS,    )
    )
    Defendants.    )

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Conrad Salazar's Opposed Motion to Disqualify Judge Robert C. Brack. (Doc. 193). The Government filed a response in opposition. (Doc. 204). After carefully considering Defendant's motion and the relevant law, the Court DENIES this motion.

## Background

On June 19, 2013, a grand jury issued a superseding indictment against Defendant Conrad Salazar. (Doc. 168). An attorney from the Federal Public Defender's office was appointed to represent the Defendant. On September 5, 2013, after Defendant expressed disagreement with his counsel, the Court appointed new counsel for the Defendant. (Doc. 111). Months later, still dissatisfied with his representation, the Defendant sought to proceed *pro se*. (Doc. 144). On March 24, 2014, the Court inquired into the Defendant's reasons for proceeding *pro se*, (Doc. 149), and found that the Defendant's request was made knowingly, voluntarily, and intelligently. In accordance with *Faretta v. California*, 422 U.S. 806 (1975), the Court granted Defendant's request to represent himself and appointed standby counsel. (Doc. 168).

On April 24, 2014, the Court held a hearing on various pending motions. Included among

these motions were various requests from the Defendant to increase his access to the court. (*See* Docs. 166, 170, 178). During the hearing, the Court held Defendant in direct criminal contempt for a prolonged, profane outburst directed at the Court and sentenced him to a term of incarceration of six months. (Doc. 189).

## Legal Standard

A judge has a continuing duty to recuse under § 455(a) if sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality. *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000). [1] This standard is purely objective. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). "[W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky*, 510 U.S. at 548. However, adverse rulings almost never provide a basis for recusal, nor do opinions formed or expressed by a judge based upon the record, "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *See id.* at 555.

## Discussion

On May 1, 2014, Defendant filed an "Opposed Motion to disqualify Judge Robert C. Brack."[2] (Doc. 193). As the Court sees it, Defendant argues two bases for disqualification. First, the Defendant argues that the Court was unfair in how it handled his requests for court access. Second, the Defendant points to several exchanges between himself and the Court that occurred during the April 24, 2014 hearing, which culminated in the Court holding the Defendant in contempt. The Court addresses these two bases for recusal in turn.

---

[1] Section 144 requires the party seeking recusal to file a timely and sufficient affidavit alleging personal bias or prejudice on the part of the judge before whom the matter is pending. As the Defendant did not file such an affidavit, the Court only considers Defendants claim under § 455(a).

[2] The full title of Defendant's brief is "Opposed Motion to disqualify Judge Robert C. Brack. Opposed Motion: Request for New Judge; Motion to Dismiss Judge Robert C. Brack; Request for Judge Robert C. Brack to Retract himself from The Above Case Number Per Rule 12(b)(1)(2)(4)(c)(d); Notice of Request of Hearing."

I.      **The Court's Handling of Defendant's Court Access Motions**

The Defendant argues that the Court displayed bias in how it handled his motions for court access. As this is no more than a challenge to the Court's rulings, the analysis is straightforward. *See Liteky*, 510 U.S. at 555.

Since the Court granted Defendant's motion to proceed *pro se*, the Defendant has devoted the bulk of his legal arguments to his efforts to gain increased court access. Defendant believes that he cannot prepare for pretrial motions or trial until the court grants his various requests. (*See* Docs. 166, 170, 178). At the April 24, 2014 hearing, the Court explained to the Defendant that the Constitution does not afford him the privileges he requests. *See United States v. Taylor*, 183 F.3d 1199, 1205 (10th Cir. 1999). Rather, as the Court explained, the Constitution only guarantees the Defendant the right to counsel. And, the Court reiterated to the Defendant that he should utilize that right. (*See* Tr. at 111:14-18; 117:18-118:6).[3]

Despite these admonishments, the Court has respected the Defendant's decision to represent himself, and has taken several steps to ensure that he has a meaningful opportunity to prepare his defense. The Court has provided the Defendant – despite his opposition – standby counsel. The Court has signed an order granting him library access for six daytime hours a day, (Doc. 161), and gave the Defendant an additional month to prepare for a hearing on several motions. And, the Court has taken extraordinary steps to ensure Defendant's full access to the docket.

Yet, the Defendant still believes that the Court, in denying his additional requests for court access, (*See* Doc. 188), and pressing him to abide by its schedule, has acted unfairly and shown bias against him. The Defendant is mistaken.

---

[3] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version taken on April 24, 2014. Any finalized transcripts may contain slightly different page and/or line numbers.

The Court's rulings on these matters are not proper grounds for disqualification. Both the Tenth Circuit and the Supreme Court have made clear that adverse judicial rulings alone cannot be the basis for recusal. *See Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992); *Liteky*, 510 U.S. at 555. Similarly, Defendant's complaint about the order in which the Court heard his motions, and the time it gave him to file his motions, is meritless. The Court's management of its docket is no more a harbinger of extrajudicial bias than its rulings.

In short, Defendant complains about the Court's "judicial rulings, routine trial administration efforts" – or in this case pretrial administration – and "ordinary admonishments to counsel." *Liteky*, 510 U.S. at 556. These are inadequate grounds to warrant recusal under § 455. *See id.*

## II.    The April 24, 2014 Hearing

Next, the Defendant argues that the Court displayed improper bias through certain comments it made during the course of a pretrial hearing and by holding him in criminal contempt. (*See* Doc. 189 (providing an overview of the Court's and Defendant's comments made during the course of the hearing)). Again, the Defendant's claim is without merit.

At the outset, the Court notes that even though the issue of contempt is involved, 28 U.S.C. § 455 remains the governing provision. Under Rule 42 of the Rules of Criminal Procedure, which outlines the procedures for holding a defendant in contempt, recusal is required only in limited circumstances and only for a discrete proceeding. When the criminal contempt involves disrespect towards or criticism of a judge, and when summary disposition is inappropriate, Rule 42(a)(3) disqualifies the trial judge from those contempt proceedings. This rule is intended to avoid "arbitrary or oppressive conclusions," and to ensure that the sentence imposed is not based on the judge's desire for reprisal, while still preserving the authority of the

court. *See* FED. R. CRIM. P. 42(a) (advisory committee notes to section (b)); *Cooke v. United States*, 267 U.S. 517, 539 (1925). However, there is no indication that the authors of Rule 42 wanted the recusal provision to operate outside of the confines of a contempt proceeding.

Similarly, § 455 provides no bright line rules to resolve this situation. Rather, in interpreting § 455(a), courts have focused on whether or not the judge has revealed some type of improper bias. *See Cooley*, 1 F.3d at 993 ("The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom"). However, not all types of judicial bias warrant recusal. For example, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 556.

Here, the transcript of the April 24, 2014 hearing shows that the Court had to spend considerable effort to manage the proceeding and protect the authority of the Court. The Defendant was unprepared to argue his motions, expressed an inability to keep up with the Court's rulings, repeated arguments the Court had already addressed, and frequently interrupted the Court.

In response, the Court, on several occasions, encouraged the Defendant to reconsider his decision to proceed without counsel. Further, the Court informed the Defendant that his arguments had already been addressed and warned the Defendant to halt his contemptuous behavior. The following statement the Court made to the Defendant is illustrative:

> And you know what? Let's just handle it this way: The next time you [interrupt the Court], I'm going to make you pay. Because we've been here a long time this afternoon and I'm running out of patience. So you need to stop [interrupting me] and the other little things we've talked about. I don't want to hear anything more about Mr. Hefley and him arranging for your fiancée to marry some distant

relation of his. You can subpoena Mr. Hefley in support of your alibi in support of your defense. You can subpoena Gerald Hefley. You can subpoena Christina.

(Tr. at 116:21-117:5)

Contrary to Defendant's assertion, the Court was not taunting him when it suggested he reconsider his *pro se* status or warned him about his courtroom decorum. All of the Court's comments were part of the Court's efforts to manage the proceeding. Notwithstanding that the Defendant did not appreciate the tone of these comments, they do not establish bias or partiality. *See Liteky*, 510 U.S. at 555 ("*Not* establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger").

Moreover, the Defendant's contemptuous outburst at the end of the hearing does not alter the Court's analysis. The law is clear: recusal is unnecessary regardless of the impact – if any – the Defendant's outburst had on the Court's impression of him. As stated above, the focus in analyzing a motion to disqualify is on the judge's actions and comments, not the Defendants. *See Cooley*, 1 F.3d at 993. Further, when considering whether a judge's knowledge of the Defendant's bad character was appropriate grounds for recusal, the Supreme Court wrote:

> The judge who presides at a trial, may upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task.

*Liteky*, 510 U.S. at 550-51.[4] Likewise, the Tenth Circuit has held that a Defendant's reprehensible behavior in front of a trial judge is not generally grounds for disqualification. *See Cooley*, 1 F.3d at 994 (stating that threats or other attempts to intimidate a judge are not generally a basis for recusal).  While there are some exceptions to this rule, these situations

---

[4] While the *Liteky* Court referred to opinions of the judge presiding at trial, this statement extends to opinions judges "learned in earlier proceedings." *Liteky*, 510 U.S. at 551.

typically turn on unique facts not present in the current case. *See United States v. Greenspan*, 26 F.3d 1001 (10th Cir. 1994).

In closing, this Court will not allow the Defendant to be rewarded for his contemptuous conduct by allowing him to judge shop. *See Greenspan*, 25 F.3d at 1006. The Tenth Circuit has emphasized that if recusal is at least one of the Defendant's objectives in committing a contemptuous act, the statute does not require disqualification.[5] *Id.* at 1006. Here, Defendant began his outburst with a request for another judge. (*See* Tr. at 122:10-11). Based on his outburst and his motion, it is clear that Defendant's request for the undersigned to recuse is based – at least in part – on his desire to find a new judge, who might treat his motions practice more favorably. (*See* Tr. at 123:2-12). This is not an acceptable outcome.

## III.    Conclusion

Based on § 455 and the cases interpreting it, disqualification is clearly not necessary in the current case. But, equally important – though it is not part of the § 455 analysis – recusal is not warranted because the undersigned is confident that it can adjudicate this case in a fair and impartial manner. As the Defendant points out in his motion, only the undersigned can determine whether the Court can continue in a non-biased way. I can.

The Tenth Circuit has instructed courts to consider that "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939-40 (10th Cir. 1987). Since the Court sees no objective or subjective reason that it cannot be fair or impartial, and there is no basis to believe another judge would be better suited to try this Defendant, the Defendant's request for disqualification is not well taken.

---

[5] Similarly, FED. R. CRIM. P. 42 proscribes using contempt proceedings as a means of shopping for a judge. *See Cooke*, 267 U.S. at 539.

**THEREFORE,**

**IT IS ORDERED** that Defendant's motion to disqualify Judge Robert C. Brack (Doc.

193) is DENIED.

 

 

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**