IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      Plaintiff,

vs.                                                                                                    NO. CR 12-3183 RB

**CONRAD VASQUEZ SALAZAR and
CLIFFORD RAYMOND SALAS,**

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Clifford Raymond Salas's Motion to Sever (Doc. 212). A hearing was held on August 12, 2014. The Government filed a Supplemental Brief on August 13, 2014. Having considered the record, submissions of counsel, and being otherwise fully advised, the Court **GRANTS** this motion.

**I.**     **Background**

The Second Superseding Indictment charges Defendant Salazar and Defendant Salas with: Count 1, conspiracy to maliciously damage or destroy by means of fire or an explosive, in violation of 18 U.S.C. § 844(n); and Count 2, malicious damage or destruction by means of fire or an explosive, in violation of 18 U.S.C. § 844(i). These charges arise from the firebombing of the Irish Ink Tattoo Shop on August 31, 2012. The Second Superseding Indictment contains five additional charges against Defendant Salazar.

On February 27, 2014, the Court granted Defendant Salazar's motion to proceed pro se. On April 24, 2014, the Court held a hearing on Defendant Salazar's motion to suppress. Defendant Salazar disrupted the hearing and showed disrespect to the Court. Due to his egregious behavior, the Court held Defendant Salazar in contempt and sentenced him to six months incarceration to run

consecutive to any sentence he is currently serving. On May 7, 2014, the Court reset the trial to February 23, 2015. On May 21, 2014, the Court reappointed counsel to represent Defendant Salazar. On July 15, 2014, the Court granted Defendant Salazar's unopposed motion for psychiatric examination. The psychiatric examination was scheduled for August 8, 2014.

At the hearing on the current matter on August 12, 2014, the Court heard testimony from Federal Bureau of Investigation Special Agent Lance Roundy, who testified to the following facts.[1] Defendant Salazar and Defendant Salas are members of the Sindicato Nuevo Mexico, or SNM, a violent gang that utilizes fear and intimidation to control drug trafficking and other criminal activity within the New Mexico prison system. (Tr. at 3). SNM operates inside and outside the prison system. (*Id.*) Special Agent Roundy testified that SNM members have carried out violent attacks on persons outside the prison system and numerous SNM members are at large in Las Cruces. (Tr. at 14).

Hector Corral, who is affiliated with SNM, gave statements to law enforcement about the firebombing. (Tr. at 6). Subsequently, Corral reported to law enforcement that someone tampered with his vehicle and left a copy of an affidavit referencing statements made by Corral on the windshield. (Tr. at 7-8). Corral's landlord was stabbed by an unknown assailant inside Corral's residence. (Tr. at 9). Corral interpreted these incidents as threats from the SNM in retaliation for his cooperation with law enforcement. (Tr. at 9).

Special Agent Roundy further testified that Defendant Thomas Salazar, who is the brother of Defendant Salazar and a trial witness, expressed fear of Defendant Salazar and recounted that Defendant Salazar threatened to kill his wife and child if he did not participate in the arson. (Tr. at 10-11). The Government has paid to relocate Defendant Thomas Salazar and his family. (Tr. at

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page numbers.

12). Additionally, Defendant Salazar was recorded soliciting a confidential informant to firebomb the car of potential witness Jamie Wallace. (*Id.*) Defendant Salazar was also recorded stating he needed to kill Wallace because she provided information to law enforcement. (Tr. at 12-13). Due to the security concerns in this case, Special Agent Roundy estimated that the trial will require up to 13 armed agents to be on call to protect the witnesses. (Tr. at 13).

## II.   Discussion

Defendant Salas moves to sever his trial from the trial of Defendant Salazar because (1) the delay caused by the contempt proceedings violates his right to a speedy trial and; (2) Defendant Salazar's in-court conduct may prejudice the jury against Defendant Salas. The Government responds that (1) Defendant Salas cannot show prejudice based on Defendant Salazar's future behavior, (2) the delay will not violate Defendant Salas's speedy trial rights, (3) any potential speedy trial violation can be cured by moving up the trial date, (4) the Court can remedy the prejudice caused by any outbursts by removing Defendant Salazar and instructing the jury, and (5) if the case is severed, there is a substantial possibility that the Government may not be able to try Defendant Salazar because the main cooperating witnesses may not agree to testify at a second trial. Although severance is not justified by speedy trial considerations in this case, the Court concludes that severance is appropriate because Defendant Salazar's egregious in-court behavior would prejudice Defendant Salas.

### A.   Joinder

Federal Rule of Criminal Procedure 8(b) governs joinder of Defendants. Rule 8 provides that "[t]he indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense

or offenses." FED. R. CRIM. P. 8(b). The Supreme Court has instructed federal courts to interpret the requirements of Rule 8(b) liberally in favor of joinder. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Rule 8(b) is designed to promote judicial economy and efficiency and to avoid a multiplicity of trials, but only so long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial. *Zafiro,* 506 U.S. at 540. The Tenth Circuit has held that "[t]he test for proper joinder is a common thread to each of the defendants, which may be established by common evidence as to various counts." *United States v. Caldwell*, 560 F.3d 1202, 1212 (10th Cir. 2009).

Counts 1 and 2 relate to one incident, namely arson at the Irish Ink Tattoo Shop. The alleged incident arises from the same course of conduct, by the same two perpetrators, on the same date. The Government intends to present the same evidence against Defendant Salas and Defendant Salazar on the conspiracy count. The facts alleged in the Second Superseding Indictment indicate that the evidence against Defendant Salazar and Defendant Salas will substantially overlap on the firebombing charge. As the allegations are sufficient for the evidence to form a common thread to both Defendant Salazar and Defendant Salas, joinder is legally appropriate under FED. R. CRIM. P. 8(b).

  **B.**  **Severance**

In cases where defendants are properly joined, the Court may nevertheless grant severance if joinder would prejudice one of the parties. *See* FED. R. CRIM. P. 14. According to Rule 14, if "the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the Government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14(a).

The Supreme Court has stated that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together" because joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro,* 506 U.S. at 537 (internal quotation omitted). If defendants have been properly joined in the same indictment, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539; *see also United States v. Sarracino*, 340 F.3d 1148, 1165 (10th Cir. 2003). "In deciding on a motion for severance, the district court has a duty to weigh the prejudice resulting from a joint trial of co-defendants against the expense and inconvenience of separate trials." *United States v. Small,* 423 F.3d 1164, 1181 (10th Cir. 2005) (citation omitted).

### 1.     Speedy trial considerations do not justify severance.

Defendant Salas contends that he is prejudiced by the eight-month delay caused by the contempt proceedings. Specifically, he contends that the delay violates his right to a speedy trial as guaranteed by the Speedy Trial Act and the Sixth Amendment. The Speedy Trial Act is designed to protect a criminal defendant's constitutional right to a speedy trial and serve the public interest in bringing prompt criminal proceedings. *United States v. Gonzalez,* 137 F.3d 1431, 1433 (10th Cir. 1998). The Act requires that the trial of a criminal defendant commence within seventy days of the filing of the indictment, or from the date the defendant first appears before a judicial officer of the court, whichever is later. *United States v. Toombs,* 574 F.3d 1262, 1268 (10th Cir. 2009) (citing 18 U.S.C. § 3161(c)(1)). Section 3161(h) sets out a number of delays that may be excluded from calculation of the seventy day speedy trial period. *See* 18 U.S.C. § 3161(h)(6).

The Speedy Trial Act generally treats excludable delays "attributable to one defendant . . . [as] applicable to all co-defendants." *United States v. Mobile Materials, Inc.,* 871 F.2d 902, 915 (10th Cir. 1989), *abrogated on other grounds by Bloate v. United States*, 559 U.S. 196 (2010), (interpreting 18 U.S.C. § 3161(h)(6) [then 18 U.S.C. § 3161(h)(7) ], which states "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" may be excluded).

Section 3161(h)(6) is intended "to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *United States v. Theron*, 782 F.2d 1510, 1514 (10th Cir.1986); 18 U .S.C. § 3161(h)(6). The question in examining an exclusion is whether the delay attributable to the codefendant is "reasonable." *United States v. Olivo*, 69 F.3d 1057, 1061 (10th Cir. 1995). In making this determination, a court must examine "all relevant circumstances." *United States v. Tranakos*, 911 F.2d 1422, 1426 (10th Cir. 1990). The Tenth Circuit has provided three factors to guide courts in examining the relevant circumstances: (1) whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to "accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *Olivo*, 69 F.3d at 1061-62; *see also Tranakos*, 911 F.2d at 1426.

In this case, Defendant Salas is detained. This factor weighs in favor of severance. In his motion, he acknowledges that he either moved for or did not oppose continuing the first four trial settings. As Defendant Salas did not advocate for his speedy trial remedy until a month after the trial had been reset five times, the second factor weighs in favor of a single trial. Most notably, the third factor weighs heavily in favor of a single trial. The Tenth Circuit has given the following

guidance to courts analyzing the third factor: "Where the government will recite a single factual history, put on a single array of evidence, and call a single group of witnesses, a single trial is preferred." *Tranakos,* 911 F.2d at 1426; *see also Olivo,* 69 F.3d at 1061. Clearly, the Government would present the same evidence on the conspiracy charge in separate trials and substantially overlapping evidence on the firebombing charge. Application of the Speedy Trial Act considerations leads to the conclusion that a single trial is appropriate.

In addition to arguing that the trial should be severed to preserve his statutory right to a speedy trial, Defendant Salas argues that the eight-month delay caused by a joint trial violates his constitutional right to a speedy trial. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. To determine whether a defendant's Sixth Amendment right has been violated, the court balances four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) whether the delay prejudiced the defendant." *Id.* "None of the factors is itself necessary or sufficient to conclude that the Sixth Amendment speedy trial right has been violated." *Id.* "Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *United States v. Kalady*, 941 F.2d 1090, 1095 (10th Cir. 1991) (quoting *Barker v. Wingo,* 407 U.S. 514, 533 (1972)) (internal quotation marks omitted).

The Government concedes that the twenty-one months between the criminal complaint and the trial is presumptively prejudicial. However, consideration of the second factor leads to the conclusion that the reason for the delay is attributable to Defendant Salazar rather than the Government. As for the third factor, Defendant Salas did not assert his right to a speedy trial until he filed his motion on June 30, 2014. As to the fourth factor, Defendant has not shown any

prejudice from the delay other than his detention. Twenty-one months in pretrial detention alone is insufficient to show prejudice for speedy trial purposes. *See Toombs,* 574 F.3d at 1275. The four relevant factors lead to the conclusion that a joint trial in February 2015 would not violate Defendant Salas's Sixth Amendment right to a speedy trial.

## 2. Defendant Salazar's outrageous behavior justifies severance.

As an alternative ground for severance, Defendant Salas contends that he should receive a separate trial because Defendant Salazar's disruptive in-court behavior may prejudice the jury's consideration of the evidence against Defendant Salas. The Government responds that Defendant Salas cannot show prejudice based on the possibility that Defendant Salazar will disrupt a joint trial. The Court disagrees with the Government's assessment. Based on Defendant Salazar's past behavior, it is not possible but rather probable that he will disrupt the trial.

"The decision to grant severance and order separate trials is within the sound discretion of the trial court." *United States v. Pursley,* 474 F.3d 757, 767 n. 7 (10th Cir. 2007). Notably, "the burden . . . to show an abuse of discretion in this context is a difficult one." *United States v. Olsen,* 519 F.3d 1096, 1102 (10th Cir. 2008) (internal quotation omitted). In a typical case, the Court would decline to sever the trial based on the valid security and judicial economy concerns established by the Government. However, this is not a typical case. Defendant Salazar has demonstrated a propensity for outrageous and uncontrolled behavior. Despite the best efforts of the Deputy Marshals, Defendant Salazar was able to shout a 20 second tirade of profanities at the suppression hearing. A similar outburst at trial would undoubtedly prejudice the jury against both Defendant Salazar and Defendant Salas. At trial, the Court could take steps to restrain Defendant Salazar or instruct the jury around his outbursts, but inevitably the behavior of Defendant Salazar

would unfairly prejudice the jury against Defendant Salas. The Government's contention that it might not be able to try Defendant Salazar because some of its witnesses might not testify does not allay the Court's concern that a joint trial could lead to a mistrial and result in two trials regardless of whether the case is severed. As there could well be multiple trials in any event, severance will not result in the expenditure of additional governmental resources. The Court appreciates the security concerns inherent in this case, but concludes that if the Government can provide security for one trial, it can provide security for two trials. The unusual circumstances of this case have convinced the Court that severance is necessary to allow Defendant Salas to receive a fair trial.

**THEREFORE,**

**IT IS ORDERED** that Defendant Clifford Raymond Salas's Motion to Sever (Doc. 212) is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**