# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                                                                                                                                         No. CR 12-03183 RB  
                                                                                                                                                                   No. CV 18-00456 RB/JHR

CONRAD VAZQUEZ SALAZAR,

    Defendant/Movant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, *sua sponte* under Rule 4(b) of the Rules Governing Section 2255 Proceedings, upon Movant Conrad Vazquez Salazar's letter motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion") (Doc. 397.[1]) Salazar's Motion is a second or successive motion under 28 U.S.C. § 2255 filed without authorization from the United States Court of Appeals for the Tenth Circuit, and the Court will dismiss the Motion for lack of jurisdiction.

Salazar pled guilty to Conspiracy to Maliciously Damage or Destruct, by Means of Fire and/or Explosives in violation of 18 U.S.C. § 844(n) and Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1), § 924(a)(2), and § 924(e)(1), and was sentenced to 240 months of imprisonment. (Docs. 315; 324.) He filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on June 9, 2016, and amended the motion on June 13, 2016. (Docs. 335; 336.) In his first § 2255 motion, he raised ineffective assistance of counsel issues

---

[1] All citations to document numbers refer to documents in the criminal case, 12cr3183, unless otherwise specified.

1

and sought relief under *Johnson v United States*, 135 S.Ct. 25551 (2015). (Doc. 335.) On July 17, 2017, the Magistrate Judge entered Proposed Findings and a Recommended Decision ("PFRD"), finding that Salazar's ineffective assistance of counsel claims failed and recommended denial of the § 2255 motion. (Doc. 391.) The Court adopted the Magistrate Judge's PFRD and entered Judgment on August 25, 2017. (Doc. 396.)

Salazar then filed a handwritten letter, seeking to amend to add additional claims to his prior § 2255 motion. (Doc. 391.) Because Salazar's first § 2255 motion has been adjudicated on the merits and dismissed, the Court will treat his letter as a second § 2255 motion and will dismiss for lack of jurisdiction. *See United States v. Nelson*, 465 F.3d 1145, 1148–49 (10th Cir. 2006).

Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Salazar has filed his § 2255 Motion without authorization from a court of appeals as required by § 2244(b)(3)(A). This Court lacks jurisdiction to consider his Motion absent the requisite authorization. When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

Applying *Cline*, the Court determines it is not in the interests of justice to transfer and will dismiss this matter for lack of jurisdiction. Salazar argues that he should be granted relief based on a Tenth Circuit decision involving a co-defendant and a Supreme Court decision that has not yet been made retroactively applicable by the Supreme Court. Salazar's arguments do not support authorization to file a second or successive § 2255 motion. *See* § 2255(h); *United States v. Williams*, 480 F. App'x 503, 504–05 (10th Cir. 2012).

Last, under 28 U.S.C. § 2253(c)(1) "[u]nless a circuit justice or a judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . (B) the final order in a proceeding under section 2255." A certificate of appealability may issue under § 2253(c)(1) only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing Section 2255 Cases provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the § 2255 movant. The Court determines, *sua sponte* under Rule 11(a) of the Rules Governing Section 2255 Cases, that Salazar has failed to make a substantial showing that he has been denied a constitutional right, and the Court will deny a certificate of appealability.

**IT IS ORDERED** that Movant Conrad Vazquez Salazar's letter motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Doc. 397; 18cv456, Doc. 1) is **DISMISSED** for lack of jurisdiction, a certificate of appealability is **DENIED**, and judgment will be entered.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE